**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STUART WEXLER<br><br>Plaintiff,<br><br>v.<br><br>EAST WINDSOR REGIONAL SCHOOL DISTRICT, MARK DANIELS, Individually and is his official capacity as SUPERINTENDENT OF THE EAST WINDSOR REGIOMAL SCHOOL DISTRICT, DENNIS VINSON, Individually and in his official capacity as Principal of Hightstown High School, PAUL TODD, Individually and in his official capacity as Business Administrator for the East Windsor Regional School District, ERIN SERVILLO, Individually and in her official capacity as Assistant Superintendent for the East Regional School District,<br><br>Defendants. | Case No.: |

Plaintiff STUART WEXLER, pro se, complaining of defendants, herein alleges, upon knowledge as to himself and his own actions and upon information and belief as to other actions.

1. This action is brought pursuant 42 USC 1981 and 1983 to redress the egregiously discriminatory and improper treatment that plaintiff has been subjected to in the terms and conditions of his employment, as well as the deprivation by defendants, under the policies, ordinances, customs, and usage of all rights, privileges, and immunities secured to the Plaintiff by the Fifth and Fourteenth Amendments of the United States Constitution of the United States, and all of the laws thereunder.

2. This actions also contains any other causes of action, which can reasonably be inferred from the facts ser forth here including those arising under wider state law such as the New Jersey Law against Discrimination.

3. The jurisdiction of this Court is invoked under 28 USDC 1331, 1343, and 1367.

4. Venue is proper under 28 USC 1391

PARTIES

5. Plaintiff is a citizen of the United States and is a resident of East Windsor, New Jersey.

6. At all relevant times defendant EAST WINDSOR REGIONAL SCHOOL DISTRICT was and is a domestic municipal corporation with full governmental authority, existing under the laws of the State of New Jersey.

7. At all relevant times Defendant MARK DANIELS, was and is still the Superintendent of the East Windsor Regional School District with its principal place of business located at 25A Leshin Lane, Hightstown, New Jersey 08520. Defendant DANIELS is a policymaker for the State and has broad authority to investigate discrimination, retaliation violation of constitutional rights and other wrongdoing with the East Windsor Regional School District as well as properly and continually train and supervise the employees under his charge.

8. At all relevant times Defendant DENNIS VINSON was a principal at Hightstown High School under the auspices of defendant EAST WINDSOR REGIONAL SCHOOL

DISTRICT. Defendant VINSON is a policymaker for the EAST WINDSOR REGIONAL SCHOOL DISTRICT and is responsible for the schools' maintenance and operation, including the hiring, firing, promotion, evaluation, and discipline of employees, and all other employment related issues who discriminated and violated Plaintiff's constitutional rights by negatively and purposefully evaluating Plaintiff's job performance as a result of and in retaliation for Plaintiff exercising his constitutional rights from 2020-2022 and by failing to adequately protect Plaintiff's medical privacy pursuant to State and Federal Law which severely impacted the terms and conditions of Plaintiff's employment and adversely affected Plaintiff's job evaluations.

9. Upon information and belief Defendant PAUL TODD at all relevant times was a Business Administrator for EAST WINDSOR REGIONAL SCHOOL DISTRICT who discriminated and violated plaintiff's constitutional rights by obstructing Plaintiff's attempts to secure a Medical accommodation in August 2022.

10. Upon information and belief Defendant ERIN SERVILLO at all relevant times was a Assistant Superintendent for Human Resources for Defendant EAST WINDSOR REGIONAL SCHOOL DISTRICT who discriminated and violated Plaintiff's constitutional rights by refusing to provide Plaintiff a medical accommodation as a form of retaliation for Plaintiff exercising his First Amendment Rights from 2020-2022, and by failing to adequately protect Plaintiff's medical privacy pursuant to State and Federal Law which severely impacted the terms and conditions of Plaintiff's employment and adversely affected Plaintiff's job evaluations.

STATEMENT OF FACTS

11. Plaintiff has been employed by Defendant EAST WINSOR REGIONAL SCHOOL DISTRICT since September 2004.

12. From 2004- 2019 Plaintiff has received National, State, and Local recognition for both his and his students accomplishments not the least of which is becoming the first K-12 Students to draft and successfully lobby a Federal Law into existence and as well as appropriation for said law as well as an amendment to said law. In addition, Plaintiff students became the first K-12 class to write and submit and amicus curiae brief to the Supreme Court of the United States.

13. Plaintiff and his students were recognized on the floor of the United States Senate, through a resolution of the New Jersey State Senate, and by Defendant EAST WINSDOR REGIONAL SCHOOL DISTRICT by Defendant DANIELS at a ceremony where Plaintiff was presented with a plaque.

14. In the summer of 2020, Plaintiff spoke at board meetings and in public teach ins regarding the importance of air quality safety in light of the COVID 19 pandemic.

15. Defendants DANIELS and VINSON were present at the aforementioned meetings.

16. Shortly thereafter, in July 2020 Defendant VINSON chastised Plaintiff in front of his colleagues during a formal meeting for Plaintiff's efforts to secure safe air quality for the schools employees' and students/

17. Thereafter in July 2020, during summer recess in a meeting with Defendants VINSON AND SERVILLO, Plaintiff was called in relating to a parent complaint regarding a student who Plaintiff had never taught and Plaintiff was not provided with the student's

name which is required. Plaintiff was informed by Defendants VINSON and SERVILLO that he was being brought in during the summer at the direction of defendant DANIELS.

18. In August 2020, plaintiff a "Rice" notification alerting plaintiff that despite being tenured his job status would be discussed at a future school board. Defendant SERVILLO indicated to Plaintiff that the "Rice" was related to Plaintiff's advocacy for clean air filtration in the schools and told Plaintiff that Defendant DANIELS would be speaking at the school board meeting regarding Plaintiff's employment status.

19. In August 2020, Robert Laverty, the President of the School Board, contacted Plaintiff and said that the District's actions were highly inappropriate, that when he found what the Rice hearing was about he "shut in down", and suggested to Plaintiff that he obtain counsel.

20. In March 2021, Plaintiff alerted Defendants EAST WINDSOR REGIONAL SCHOOL DISTRICT AND Defendant DANIELS to the dangers posed by Hydroxyl generators being deployed at various buildings in the school district referring to an article in Mother Jones journal highlighting the risks to lungs from the byproducts of these generators and the fact that these generators do nothing to prevent Covid-19.

21. After hearing no response and being told that the devices were still running, in March 2021 Plaintiff followed up for re-asserting the dangers and questioned whether the public should be alerted to these obligations.

22. Immediately thereafter, defendants DANIELS AND VINSON responded in a hostile and derogatory.

23. Within 24 hours, Plaintiff received notice from his Union from Ellen Ogintz and Susan Nardi that his job was "in danger" and that all future communications regarding the generators should be through the Union to the Administration.

24. Thereafter without Plaintiff's knowledge or consent emails between Plaintiff and his union were provided to Defendants TODD AND DANIELS.

25. Finally after Plaintiff provided expert documentation to support his position, the defendants shut down the generators in March 2021 and provided the Union with false information regarding the generators to insulate themselves from liability.

26. During the 2020-21 school Plaintiff was observed by the administration and received ratings noticeably lower om areas he was deemed proficient and highly effective in areas he was both honored in and received highly effective ratings for almost two decades.

27. During the 2020-21 Plaintiff was removed from teaching his Humanities Couse by Administration.

28. On May 27, 2021, Plaintiff received his end of year evaluation which was noticeably lower in rating from prior years and included critiques of areas where prior to 2020 Plaintiff had not only "Highly Effective" ratings, but also national, state, and local recognition including from the defendants sued herein.

29. In June 2021, Plaintiff challenged the end of year rating citing specific examples of unprecedented achievements by himself and his students. Despite acknowledging said achievements in writing, defendants refused to upwardly modify ant rating on the May 27, 2021 end of year summative.

30. In August 2021, during summer recess, Plaintiff was asked to participate in a meeting with Defendant VINSON and his department supervisor Marie Griffin. Plaintiff was told he would be placed on an Improvement plan for the first time in his teaching career ,and that more classes which he had both created and taught for years were being partially or completely removed from him, and he was placed for the first time in a special education classroom with a co-teacher.

31. At the aforementioned August 2021 meeting Plaintiff indicated that he did not feel that a improvement was warranted. Furthermore, to some extent he made reference to the fact that he had alerted supervisor Griffin that he had medical issues related to his ability to deliver timely and adequate paperwork such as lesson plans. Plaintiff was reticent to fully disclose his condition to Defendant VINSON due to a previous medical privacy breach by administration in the winter of 2021, which was properly addressed and remedied. Rather, plaintiff was mocked for his medical condition by members of the guidance department. In January 2021 Griffin told plaintiff that the administration viewed him as an "agitator" and suggested he make overtures to Defendant Daniels to "make things better"

32. In November 2021 during a meeting with Defendant VINSON, Plaintiff directly confronted VINSON with the aforementioned medical breach from the Winter of 2021 and its subsequent effect on his willingness to pursue other medical accommodations and Defendant VINSON acknowledged that he was aware of Plaintiff was being mocked for a medical issue but acknowledged not taking action against these individuals and also failing to investigate how plaintiff's medical condition was known to his colleagues.

33. In December 2021, pursuant to a policy in effect at the time, Plaintiff informed the school district that he was exposed to COVID and wanted to be tested before he returned. Defendant VINSON insisted plaintiff return to the building prior to the return of test results and defendant SERVILLO instated that plaintiff test through the school none of which was required by the policy in effect. Plaintiff refused to test through the school due to the aforementioned medical privacy breach and Defendant VINSON indicated he had no knowledge of any medical privacy breach.

34. No the teachers at Hightstown High School were required to test through the school in December 2021.

35. In June 2022, Plaintiff was observed on Senior Cut Day in a senior class by Defendant VINSON despite there being non-senior level courses that he could have observed that day. Plaintiff received a poor evaluation for this lesson as Plaintiff needed to adjust the lesson given he did not know this was senior cut day. Plaintiff's lesson related to testimony he had recently given to a congressional investigation which was noted in the lesson but not accurately reflected in the professional knowledge section of the evaluation.

36. Plaintiff rebutted the June 2022 evaluation in written form to no avial.

37. In June 2022, Plaintiff received his end of year summative evaluation in which he was critiqued for issues that were supposed to be addressed during the year by administration under the improvement plan but never were.

38. Due to the quantitative component of the student objective section of the evaluation, plaintiff would have been placed on a CAP. This section unlike previously discussed the teacher scores their own assessment. When plaintiff altered Grffin that he made an

error in this section the scores were adjusted and the net effect removed plaintiff from CAP. Griffin informed plaintiff that she was "chewed out" for allowing plaintiff to adjust his scores which was completely permissible. Griffin indicated that the individuals she was speaking of were upset because it "got you (plaintiff) out of the CAP).

39. Plaintiff provided a written rebuttal to the 2022 summative end of year evaluation including evidence that 60 Minutes was looking to do a segment on his student's accomplishments which was completed ignored by the defendants.

40. In August 2022, Plaintiff was assigned and ESL class for the first time in his career despite not being fluent in Spanish.

41. In August 2022 medical tests strongly suggested Plaintiff had lymphoma. As a result this placed Plaintiff in a high risk category for contracting COVID. Plaintiff's doctor in writing indicated that plaintiff could return to work in September 2022 if he could be placed in conditions which mitigated the risk of contracting COVID meaning avoiding ongoing crowded situations in poor air quality.

42. After consulting with an indoor environmental engineer, plaintiff was informed which rooms would be optimal for his condition. Plaintiff provided the engineer with the school's own 2020 indoor air quality report.

43. Plaintiff alerted Defendant SERVILLO and Defendant VINSON as to the three medical accommodation needed based on his medical diagnosis. One was a room transfer to Room 207, a switch out of cafeteria duty, and parking spot that would eliminate the need to walk through the entire building to his classroom.

44. Defendant SERVILLO denied plaintiff's medical accommodation despite granting similar requests in the past based on Defendant TODD'S unsupported assertion contradicted by an air quality expert that the room air quality was no different in the relevant classrooms. Plaintiff provided SERVILLO with the contact information for the expert but Defendant SERVILLO failed to contact said expert.

45. As a result of the foregoing, Plaintiff was instructed by his general practitioner not to return to the school for physical and mental health reasons, more specifically the anxiety caused by the failure to accommodate Plaintiff's disability.

46. Plaintiff returned to work in October 2022 after learning that the tumor in his neck was rare but benign. Thereafter, defendant VINSON removed Plaintiff's advanced placement course he had taught with distinction for close to two decades and gave plaintiff an additional special education class which the previous teacher had described as "the most challenging class had ever taught"

47. In addition, defendant VINSON attempted to provide Plaintiff with an improvement plan that was permissible under the unions contract with the school district and thus Plaintiff was not subjected to this.

48. In January 2023, plaintiff was observed by Defenant VINSON. To date, he has not received any feedback so as to work on his pedagogy.

49. In May 2023., plaintiff received a second observation for the 22-23 school year by Griffin without any feedback from the January 2023 observation.

50. By reason of the foregoing, Defendants have maliciously embarked on a course of conduct intended to cause Plaintiff to suffer mental and emotional distress, tension, and anxiety, and to hinder and ruin his career.

51. By reason of the foregoing Defendants have constructively discharged the plaintiff forcing him to resign his employment at the end of the 22-23 school year short if the time he requires for a full pension.

52. As a result of defendants' conduct plaintiff has been damaged financially in that he has lost front pay, accrued benefits, and have physically, emotionally, and financially damaged in that he has become tense, nervous, paranoid, untrusting, irritable, suffered great mental anguish, anxiety, loss of sleep, depressed, and other physical and psychological injuries, which continue to this day.

CAUSES OF ACTION

53. Plaintiff suffered an adverse employment action, upon information and belief, based on his disability and engaging in protected speech and activity.

54. By reason of the foregoing, the Defendants have, while acting under state law, deprived Plaintiff of his right to equal protection under the laws in that they treated him differently than others similarly situated solely based on his disability and engagement in free speech and protected activity without a compelling state interest or rational bases therefore in violation of 42 USC 1981, 1983, and the Fifth and Fourteenth Amendments to the United States Constitution.

55. By reason of the foregoing, the Defendants, or any of them, knowing that said violations of Plaintiff's constitutional rights would occur, or being deliberately indifferent to whether such violations would occur, and having the power to prevent same from occurring, failed to take any reasonable steps to prevent their occurrence in violation of 42 USC 1986.

56. The Defendant EAST WIDNSOR REGIONAL SCHOOL DISTRICT is liable for the acts of tis employees for the following reasons:

   a. It was the EAST WINDSOR REGIONAL SCHOOL DISTRICTS' official custom or practice to discriminate and retaliate against disabled employees and employees who engage in protected speech and activity.

   b. The discriminatory and retaliatory practices were so persistent and widespread that if they were not the official custom of the EAST WINSDOR REGIONAL SCHOOL DISTRICT they constitute the constructive acquiescence of policymakers.

   c. EAST WINDSOR REGIONAL SCHOOL DISTRICT supervisors failed to investigate and address allegations of discrimination, retaliation, and harassmenr.

   d. Inadequate training/supervision at the EAST WINDSOR REGIONAL SCHOOL DISTRICT was so likely to result in discrimination, retaliation, and harassment that policymakers can reasonably be said to be indifferent to the need to provide better training and supervision; and

   e. Policymakers engaged in and/or tacitly condoned the discrimination/retaliation to which Plaintiff was subjected.

57. By reason of the foregoing, the defendants discriminated against the plaintiff in the compensation, terms, conditions, and privileges of his employment in that they subjected him to adverse acts, and a hostile work environment based solely on his disability and his engaging in protected speech and activity in violation of 42 USC 1981, 1983/

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants granting the following relief:

i. An award to Plaintiff of his actual damages in an amount to be determined at trial for loss of wages, benefits, and promotional opportunities, including an award of front pay compensating Plaintiff for loss of future salary and benefits.

ii. As award to Plaintiff of compensatory damages in an amount to be determined at trial for humiliation, mental anguish, and emotional distress sustained by him.

iii. As award to plaintiff for the costs of this action, together with reasonable attorneys fees; and

iv. Such other relief as the Court deems just and proper.

Dated: East Windsor, New Jersey
May 30, 2023

Stuart Wexler

Stuart Wexler
Pro Se Plaintiff
A9 Avon Drive
East Windsor, New Jersey 08520